HACKENSACK WATER COMPANY, APPELLANT, v. MAYOR, ETC., OF THE BOROUGH OF RIDGEFIELD, RESPONDENT.

Argued June 24, 1921—Decided November 14, 1921.

1. The borough of Ridgefield is supplied with fire protection service by the Hackensack Water Company from three sources—the Weehawken High District, the Englewood High District and the New Milford Low District. In a suit to recover for the fire protection service at the rates prescribed by the board of public utility commissioners, the fact that part of the borough supplied from the New Milford Low District was not furnished with water, at the required pressure and quantity, is a defence for the

borough in a suit for a recovery of the rates for that portion of the borough not so supplied, the rates from each source being a matter of calculation for each portion of the service. It was not error for the trial court to direct a verdict for the plaintiff, for the rates in that portion of the borough where the service had been furnished.

2. The issue was one of fact. It did not involve any administrative question. It was within the jurisdiction of the trial court to determine. The only question open for determination was whether the plaintiff company had furnished the service prescribed.

---

On appeal from the Supreme Court.

For the appellant, *Collins & Corbin, Clement K. Corbin, Henry L. De Forrest* and *W. H. Wherry* (of the New York bar).

For the respondent, *William J. Morrison.*

The opinion of the court was delivered by

BLACK, J. This suit was brought by the plaintiff to recover for fire protection service from January 1st, 1918, to and ending December 31st, 1920, pursuant to the provisions of Schedule A made by the board of public utility commissioners of New Jersey. The amount claimed to be due and sued for was $4,088.74. At the close of the case the trial judge conceived there were no disputed facts to go to the jury. He thereupon directed a verdict in favor of the plaintiff and against the defendant for the sum of $2,868.92, this amount being calculated and agreed to by the parties. The plaintiff alleges error in law and appeals to this court. To understand the significance of the court's ruling it is necessary to briefly state some of the undisputed facts. The territory included within the bounds of Ridgefield borough was supplied by the plaintiff with fire protection service from three sources, designated in the record as the Weehawken High District 4. marked blue on a map attached to the record; Englewood High District 5, marked yellow, and the New Milford Low District 1, marked red. The court found, and it was not dis-

puted, from the Englewood High District and the Weehawken High District there was furnished the required pressure and quantity of water; but the New Milford Low District, the Grand avenue section, was not supplied with water at the pressure required, and at times it had not been furnished with the required quantity of water, in accordance with the order of the board. In this situation, there being no dispute about the facts, each side moved for the direction of a verdict in its favor. The defendant, on the ground that the plaintiff failed to show that it had performed the service in its entirety, throughout the whole borough, so there could be no recovery, because the claim was one of entirety, and the plaintiff, on the ground that the claim sued upon could not be legally divided, so there should be a verdict for the plaintiff for the full amount. As there is nothing in the order of the public utility commissioners by which the pressure or volume of water delivered to a hydrant or through a main can be made the basis of excluding it from the computation, the trial judge held there was no merit in the contention that the claim of the plaintiff could not be legally divided so that it could recover for the fire protection service actually furnished. It would be unjust to the defendant to compel it to pay for fire protection service that it did not receive.

It would be quite as unjust to the plaintiff to refuse to allow it to collect the legal rate for fire protection service that it has furnished in accordance with the order of the board of May 16th, 1917, to part of the borough. This order of the board will be found in its report (5 P. U. C. R. 131). The other orders of the board referred to are printed in the record as exhibits. These orders must be read together. We think this ruling of the trial court was not error. The judgment of the Supreme Court, therefore, should be affirmed. We would feel quite content to let the decision of this case rest upon the grounds stated by the trial court, without further discussion, were it not for the plaintiff's elaborate argument, which is, in the language of the brief, that the company contends that the order of the board did not make the rates dependent upon

any pressure or volumetric tests. The rates were based upon the cost of service and with reference to the service which the company was then giving. The filed rates were conclusive and not subject to collateral attack and the remedy for bettering the service was an independent proceeding and could not be made a defence to the collection of the filed rates. The only rate which can be charged and collected is the rate which the board fixed and is the rate shown by computation. The service rendered not being an issue should not be considered. The answer to this is, the rates fixed by the board, in effect, are contracts when adopted. In the trial of the case, no administrative question was raised. The borough did not question the reasonableness of the rate, as fixed by the order of the public utility commission, and it did not question the adequacy of the service prescribed by the order of the public utility commission. It accepted these orders, as made by the board and contended, that the water company had not complied with the latter order, and was not therefore entitled to recover under the former order in a suit to recover the rate for the services rendered. The issue was one of fact. The subject was within the jurisdiction of the trial court to determine. In a case, similar in principle, arising under the Inter-State Commerce Commission act, in the United States Supreme Court, that court said that, at the trial there was no administrative question as to the reasonableness of the rate, but only a claim for damages occasioned by its violation, because it failed to furnish the requisite number of cars. *Pennsylvania Railroad Co. v. Puritan Coal Mining Co.,* 237 *U. S.* 121. There, as here, what was a proper service was a matter of fact within the jurisdiction of the trial court to determine. In a suit to recover for the rates, the only question open for determination is whether the public utility company has furnished the service prescribed.

The commission in its report states the rates finally adopted in the report are based upon the furnishing by the company of "safe, proper and adequate service." 5 *P. U. C. R.* 178. Just and reasonable rates (*Pamph. L.* 1911, *p.* 377, ¶ 16c);

just and reasonable standards of service (*Pamph. L.* 1911, *p.* 377, ¶ 16*e*) are the words of the statute, yet the plaintiff argues there was nothing in the order to make the collection of the rates dependent on or conditioned upon maintaining any particular standard of service, if carried to its final conclusion. According to this, the company may furnish any degree of service it chooses; full and complete service in one place; impaired service in another, as in this case, and merely idle hydrants and empty mains, no service at all, in another; and that it may collect from all the same rate of compensation. Such a result is so patently unjust and unreasonable that it must be unsound, and to so state it shocks one's sense of fairness and justice. It seems unnecessary to follow the plaintiff's argument further. Stated in the simplest terms, it is to the effect that the borough must pay the prescribed rates independent of the service rendered or for no service at all. As the parties had no difficulty in agreeing as a fact upon the amount due for the service rendered from the Weehawken and Englewood districts, being the amount for which the court directed a verdict for the plaintiff for $2,868.92; so, it seems to us, there is no merit in the contention that the claim of the plaintiff in this case, as in many contractual cases, cannot be legally divided, as was done by the trial court, so as to do justice between the parties.

Finding no error in the record, the judgment of the Supreme Court is affirmed, with costs.

*For affirmance* — THE CHANCELLOR, CHIEF JUSTICE, SWAYZE, TRENCHARD, PARKER, MINTURN, KALISCH, BLACK, HEPPENHEIMER, GARDNER, VAN BUSKIRK, JJ. 11.

*For reversal*—BERGEN, J. 1.